# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LARRY DALE CROUCH, et al.,           )
                                     )
    Plaintiff,   )
                                     )
v.                                   )    CIVIL ACTION NO. 10-00072-KD-N
                                     )
TELEDYNE CONTINENTAL MOTORS,         )
INC.,                                )
                                     )
    Defendant.   )

## ORDER

This action is before the undersigned on a motion (doc. 12) filed by the defendant,

Teledyne Continental Motors, Inc. ("TCM"), seeking a protective order to allow the

attendance and participation of defense counsel and self-represented parties from a related

Kentucky civil action[1] in the deposition of TCM's 30(b)(6) representative which is now

scheduled for April 27-28, 2010, and to thereby preclude the necessity of TCM giving

duplicative depositions.  Upon consideration of the motion, plaintiffs' response in

opposition thereto (doc. 14), and all other pertinent portions of the record, it is

**ORDERED** that TCM's motion is hereby **DENIED** for the reasons stated by the

plaintiffs.[2]  The undersigned agrees that these videotaped depositions are not merely for

---

[1]According to TCM, the Kentucky civil action involves the same mishap, same issues, and same actors and was in fact the action from whence the case at bar originated, this action having been severed and transferred to this Court in lieu of dismissing the claims against TCM for lack of personal jurisdiction.

[2]"[P]retrial depositions and interrogatories are not public components of a civil trial." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984), *citing*, , Gannett Co. v. DePasquale, 443 U.S. 368, 389 and 396 (1979)(held that such proceedings "were not open to the public at common law . . .and, in general, [] are conducted in private as a matter of modern practice."). *But see*, In re Thrifty Dutchman, Inc., 97 B.R. 111, 111-112 (S.D. Fla. 1989)(Allowed non-party

the purpose of discovery but contemplated for use during the trial. Consequently, such depositions, or their transcripts, would be rendered less useful at trial if non-parties from a related but separate action pending in Kentucky are allowed to participate. Good cause has, therefore, been shown to limit the attendance and participation of non-parties in the depositions of TCM's Rule 30(b)(6) representatives taken in this Alabama action.[3] In order to avoid the additional expense which would obviously be required to edit the videotapes in order to diminish the possibility of jury confusion and use them at trial, the most economical and efficient way to proceed would be to first conduct the depositions on April 27 and 28, 2010 pertinent to this Alabama action, attended only by the parties to that action, followed by the depositions pertinent to the Kentucky action.[4]

**Done** this 20th day of April, 2010.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

to attend deposition on the grounds that "depositions are public proceedings to which the public has access unless compelling reasons exist for denying access [and] debtor has not shown good cause for exclusion."), *citing* American Telephone & Telegraph Co. v. Grady, 594 F.2d 594 (7th Cir.1979)(same) and 11 U.S.C. § 107. In contrast, Enhanced Software Products, Inc. v. Oregon CE&T Credit Union, 2006 WL 2038274 (E.D. Wash. July 20, 2006)(Non-parties permitted to attend but prohibited from participating in subject depositions.)

[3]Neither party provides an estimate of the anticipated length of the depositions but have advised the Court that plaintiffs herein do not plan to depose the TCM 30(b)(6) representatives in the Kentucky action. .

[4]TCM's motion seeks essentially to limit its exposure to only one simultaneous deposition of each designated 30(b)(6) representative and does not argue cause for the non-parties' attendance absent such participation. Consequently, the motion is denied with respect to both attendance and participation by non-parties.