# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY DALE CROUCH, ) | |
| RHONDA MAE CROUCH, ) | |
| TEDDY LEE HUDSON, and ) | |
| CAROLYN SUE HUDSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION No. 10-0072-KD-N |
| ) | |
| TELEDYNE CONTINENTAL MOTORS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the plaintiffs' motion for leave to file amended complaint and citation of authorities wherein plaintiffs seek to amend their complaint to include a claim for punitive damages (doc. 20), defendant Teledyne Continental Motors, Inc.'s objection (doc. 22), plaintiffs' reply (doc. 25), defendant's motion for leave to file sur-reply (doc. 26), plaintiffs' response (doc. 27), and defendant's reply (doc. 28).

Upon consideration, and for the reasons, set forth herein, plaintiffs' motion for leave to amend the complaint is **GRANTED**[1] and plaintiffs shall file their amended complaint on or before **July 6, 2010**. Defendant's motion for leave to file sur-reply is **GRANTED.**

Plaintiffs move the Court for leave to add a claim for punitive damages on basis that they have now inspected the aircraft wreckage and conducted partial discovery and learned of "specific knowledge" on the part of defendant regarding alleged defects of the magneto

---

[1] The Court notes that the motion for leave to amend the complaint is timely because it was filed before the deadline for amendment to pleadings set forth in the Rule 16(b) Scheduling Order.

manufactured by defendant. Plaintiffs argue that amendment of the complaint is necessary to reflect the facts and legal theories developed through discovery and to allow them to fully test their claim on the merits. Plaintiffs rely primarily upon the testimony of the defendant's corporate representative and assert that information first learned during his recent deposition forms the basis for the plaintiffs' decision to seek leave to amend to add a claim for punitive damages. Plaintiffs argue that the corporate representative's testimony indicated that defendant had "longstanding knowledge" of the alleged defects of the magneto but failed to take any action to inform or communicate this information to pilots or their mechanics.

Defendant objects to the motion and argues that amendment to add a claim for punitive damages would be futile. Defendant argues that under Kentucky law, plaintiffs must show by clear and convincing evidence that defendant's conduct was outrageous, recklessly indifferent, or reflecting evil motive, but plaintiffs cannot state any facts or identify any document or person to support their claim that the dual magneto is defective or unreasonably dangerous. Defendants argue that since plaintiffs cannot allege any facts to show the magneto was defective, it would be futile for plaintiffs to attempt to prove that they are entitled to punitive damages.

Rule 15(a) addresses amendment of pleadings before trial, and paragraph (a)(2), applicable in this circumstance, sets forth in relevant part as follows:

> (2) . . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. Rule 15(a)(2). Since the defendant has not filed a written consent, the Court must ascertain whether justice requires that leave to amend be granted. In that regard, the parties are reminded that the federal rules favor allowing amendments. Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal

2

amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); Fed. R. Civ. P. Rule 15(a)(2) (the "court should freely give leave when justice so requires."). In the absence of any substantial reason to deny the motion, such as undue prejudice to defendant, undue delay, bad faith or dilatory motive on the part of the plaintiffs, repeated failure to cure deficiencies or futility, the interests of justice require that leave should be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Hargett v. Valley Fed. Savings Bank, 60 F. 3d 754, 761 (11th Cir. 1995).

There does not appear to be any unreasonable delay, bad faith or dilatory motive on the part of the plaintiffs or prejudice to the defendant. The case was transferred to this Court in February 2010 and the deadline for discovery is December 1, 2010. Therefore, the parties have sufficient time to develop their respective claims and defenses.

As to futility of the proposed amendment, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). However, such is not the case. Accepting the facts alleged as true, plaintiffs' factual allegations are sufficient to raise their "right to relief above the speculative level", Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007), and "render plausible" their claims. Watts v. Fla. Int'l Univ., 495 F .3d 1289, 1296 (11th Cir. 2007). As explained in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Id.

3

at 1949.

Here, plaintiffs allege that the magneto was defective and unreasonably dangerous and that defendant had specific or actual knowledge of the alleged defect for approximately twenty (20) years.

The Court also need not accept as true, the plaintiffs' legal conclusions. Id. In this circumstance, plaintiffs have done more than make a "[t]hreadbare recital" of the elements of claim for punitive damages under Kentucky law. Id. (see doc. 20-1, proposed amended complaint, pgs. 2-4, 14-16). Plaintiffs make approximately eleven allegations of action or inaction on the part of defendant which culminate in the legal conclusion that defendant's conduct justifies punitive damages (doc. 20-1, p. 14-16). Hence, the plaintiffs' proposed amended complaint sufficiently states, on its face, facts from which this Court may "infer more than the mere possibility of misconduct", and therefore, plaintiffs have stated a "claim for relief" which contains "a short and plain statement of the claim showing that the pleader is entitled to relief". Iqbal, 129 S.Ct. at 1950 (". . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'") (quoting Fed. Rule Civ. Proc. 8(a)(2)).

The Court recognizes that the parties genuinely dispute issues of fact as to the specific or actual knowledge of the defendant, what action the defendant should have or could have taken, and primarily whether the magneto actually was defective or unreasonably dangerous or whether the problem was with the attachment of the magneto to the engine. Thus, there is a factual dispute as to whether plaintiffs' evidence is sufficient to prove their claim including their claim for punitive damages, i.e. that defendant's conduct was outrageous, grossly negligent, and

recklessly indifferent. However, as has long been the case, discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).

Because the plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits" Foman, 371 U.S. at 182, and because "leave shall be freely given when justice so requires[ ]" Bryant v. DuPree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted), their motion for leave to amend is well-taken. Moreover, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (quotations and citation omitted).

**DONE** and **ORDERED** this **June 24, 2010.**

        **s / Kristi K DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**