IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DALE CROUCH, ) | |
| RHONDA MAE CROUCH, ) | |
| TEDDY LEE HUDSON, and ) | |
| CAROLYN SUE HUDSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-00072-KD-N |
| ) | |
| TELEDYNE CONTINENTAL MOTORS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

This action is before the Court on the motion for partial summary judgment filed by Plaintiffs Larry Dale Crouch, Rhonda Mae Crouch, Teddy Lee Hudson, and Carolyn Sue Hudson (Plaintiffs) and supporting documents (docs. 205, ), the response and supporting documents filed by defendant Teledyne Continental Motors, Inc. (TCM) (doc. 217), and Plaintiffs' reply (doc. 220). Upon consideration and for the reasons set forth herein, the motion is DENIED

In general, summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine

issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id*. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159, 90 S.Ct. 1598, 1608-1609 (1970). Overall, the court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) citing *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003); *Johnson v. Governor of State of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005) (the court is obligated to construe the record, including all evidence and draw "all reasonable inferences, in the light most favorable to the non-moving party") (citation omitted).

Plaintiffs assert that there is "overwhelming physical evidence" that the magneto separated mid-flight because of fatigue fractures in the magneto flange, and that the separation caused the loss of engine power and consequent crash. TCM asserts, and has presented evidence in support, that the magneto remained attached until breaking off from impact of the crash. Thus, TCM concludes that the magneto or flange fractures were not the cause of the crash. Therefore, Plaintiffs assertion that there is "no evidence to support TCM's affirmative defense theory of the case" is without merit.

Upon review of the parties' submissions, it is clear that a genuine dispute of material fact exists. Specifically, there is a factual dispute as to whether the magneto disengaged in-flight or detached on impact which is material. Accordingly, Plaintiffs' motion for partial summary judgment is DENIED.

DONE and ORDERED this 16th day of June, 2011.

**s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**