IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DALE CROUCH, RHONDA MAE CROUCH, TEDDY LEE HUDSON, and CAROLYN SUE HUDSON, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 10-00072-KD-N ) |
| TELEDYNE CONTINENTAL MOTORS, INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the issue of the elements of each remaining claim. The parties were unable to agree on the elements of the claims or even the remaining claims. Upon consideration, the court finds the following claims and elements are at issue:

1) Strict Liability[1]

The plaintiffs claim that the magneto housing flange was defective and unreasonably dangerous. To prevail on this claim, the plaintiffs must prove by a preponderance of the evidence:

> That the magneto housing flange was in a defective condition unreasonably dangerous to prospective users;

> That the defective condition existed at the time the product was sold by TCM and;

---

[1] TCM has argued in a motion for summary judgment, albeit untimely, that the component parts doctrine bars the failure to warn claim. However, the component parts doctrine is only a possible defense **if** the component part at issue was not defective. Worldwide v. Mullins, 11 S.W.3d 50, (Ky. App. 1999). This is an issue of fact for the jury to determine.

>The defective and unreasonably dangerous condition was a substantial factor in causing injury to the plaintiffs.

A defective and unreasonably dangerous condition can be based on an unreasonably dangerous design defect or a design that was adequate but was unreasonably dangerous because use of the product in a foreseeable manner involves substantial risk of injury, and the manufacturer failed to give adequate warning of such danger.

A product is defective and unreasonably dangerous if it creates such a risk of injury to a prospective user that an ordinarily prudent company engaged in the manufacture of similar products, being fully aware of the risk, would not have put it on the market or would not have put in on the market without adequate warnings.

2) Negligence

The court finds that, as this case has been pled, the plaintiffs' claims that the product was negligently designed and that TCM (when it sold the product) negligently failed to warn of foreseeable dangerous use or misuse are subsumed in the strict liability claim. Tipton v. Michelin Tire Comp., 101 F.3d 1145, 1150-1151 (6th Cir. 1996); Lane v. Deere and Company, 2003 WL 1923518, *6-7 (Ky. App., March 21, 2003). If the product was defectively designed or should have included a warning in order not to be unreasonably dangerous, TCM is liable under a strict liability standard regardless of what they knew or should have known.

The only possible negligence theory would be based on the conduct of TCM post-sale: TCM's duty to notify the potential users of the product of information requiring a warning which came to light subsequent to the sale. See Clark v. Hauck Manufacturing, 910 S.W. 2d 247, 251 (Ky., 1995) (overruled on other grounds by Martin v. Ohio Cnty. Hosp. Corp., 295 S.W.3d 104 (Ky. 2009) (Finding a separate negligence claim based on the duty of a manufacturer to review the design of its product post-sale.) Whether this is a viable claim based on the facts or the law

applicable to the facts will be determined at the close of the plaintiffs' case. However, based on the complaint, the following instruction will be given in the preliminary instructions:

> The plaintiffs claim that **post-sale,** TCM negligently failed to warn that the magneto was unreasonably dangerous. To prevail on this claim, the plaintiffs must prove by a preponderance of the evidence:
>
>> That **after** the product was sold but before the date of the accident, it became known that the product's use in a foreseeable manner involved substantial risk of injury which made the product unreasonably dangerous;
>>
>> That TCM knew or should have known of this danger;
>>
>> That TCM had a duty to warn about this danger; and
>>
>> That TCM's failure to warn against this danger was a direct and proximate cause of the crash that resulted in injury to the plaintiffs.

3) Breach of Warranty

The plaintiffs allege that TCM breached its warranty by providing a product that was not merchantable and fit for the use intended. To prevail on this claim, the plaintiffs must prove by a preponderance of the evidence:

> That the product was not reasonably fit for an anticipated purpose at the time it left the defendant's control; and
>
> That the defect was the proximate cause of the resulting injury.

DONE and ORDERED this the 5th day of July, 2011.

                            s / Kristi K. DuBose
                            **KRISTI K. DuBOSE**
                            **UNITED STATES DISTRICT JUDGE**