IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DALE CROUCH, ) | |
| RHONDA MAE CROUCH, ) | |
| TEDDY LEE HUDSON, and ) | |
| CAROLYN SUE HUDSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 10-00072-KD-N |
| ) | |
| TELEDYNE CONTINENTAL MOTORS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Teledyne Continental Motors, Inc.'s first motion in limine and motion to exclude as to other accidents or incidents (doc. 229) and Plaintiffs' response in opposition (doc. 263). The motion as it relates to other incidents was heard on June 27, 2011. John S. Barton, former Senior Vice President of Engineering and Technology for TCM (retired) and Tim Davis, Senior Project Engineer for TCM, appeared and testified on TCM's behalf. Upon consideration and for the reasons set forth herein, the motion is GRANTED in part and DENIED in part.[1]

"[I]n the Eleventh Circuit, the admission of other incidents is generally governed by the federal substantial similarity doctrine, not state law." *Colp v. Ford Motor Co.,* 279 Ga.App. 280, 630 S.E.2d 886, 890 (2006) (citing *Tran v. Toyota Motor Corp.,* 420 F.3d 1310, 1316 (11th Cir. 2005) and *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1395-96 (11th Cir.1997)); *Heath*, 126 F.3d at 1396 ("Under this circuit's controlling precedent regarding diversity jurisdiction cases, the

---

[1] This order addresses only the "other incidents" for purposes of determining substantial similarity. The remaining objections to specified evidence are carried to trial.

admissibility of evidence is a procedural issue, and therefore is governed by the Federal Rules of Evidence.").

In *Tran*, the Court of Appeals for the Eleventh Circuit explained the "substantial similarity doctrine" as follows:

> The doctrine of substantial similarity applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation. In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the "substantial similarity doctrine." This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury.

*Tran,* 420 F. 3d at 1316 (citing *Heath,* 126 F.3d at 1396) (quoting *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661 (11th Cir.1988) (internal citation and footnotes omitted; alteration in original)); *see Hessen v. Jaguar Cars, Inc.,* 915 F.2d 641, 649 (11th Cir. 1990). Thus, under the substantial similarity doctrine,

> [e]vidence of prior accidents or occurrences is only admissible if, first, the proponent of the evidence shows that conditions substantially similar to the occurrence in question caused the prior accidents. *Heath*, 126 F.3d at 1396 n. 12; *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir.1988). Second, the prior accidents must not be too remote in time. *Jones*, 861 F.2d at 662. Remoteness is within the trial judge's discretion. *Id*. Third, the admission of other occurrences is subject to the reasonable discretion of the trial court as to whether the prejudice or confusion of issues, which may probably result from the admission of such evidence, is disproportionate to the value of the evidence. *Heath*, 126 F.3d at 1396 n. 13; *Miller ex rel. Miller [v. Ford Motor Co.,]* 2004 WL 4054843 at *1 [(M.D. Fla. July 22, 2004)).

*Reid v. BMW of N. Am.,* 464 F.Supp.2d 1267, 1271 (N.D. Ga. 2006).

TCM argues that this Court should limit all testimony or argument in regard to other accidents and or events involving magnetos or their attaching hardware because the other accidents are not substantially similar. Specifically, TCM argues that the other accidents or incidents reported

or investigated involved different airplanes, engines, clamps, gaskets, lock washers, nuts, and causation.

Plaintiffs respond that evidence of other accidents or events is essential to their claim for punitive damages and their claim for failure to warn. Plaintiffs divide their evidence into three general categories - Federal Aviation Administration (FAA) Airworthiness Concern Sheets and Service Difficulty Reports, National Transportation Safety Board and FAA investigatory reports, and TCM warranty claims - and argue that this evidence is admissible because it involves substantially similar events.

At the hearing, Plaintiffs specified documentation of twenty-six incidents allegedly involving substantially similar facts, as follows:[2]

<u>1) 1990 to present</u> -

> "Tim Davis has knowledge of the problems with the TCM single shaft dual magneto flanges cracking and separating from aircraft engines for more than twenty years".

<u>2) July 12, 1995</u> - (Doc. 229-4, p. 6-7) (Cessna aircraft, Lycoming engine)

> "Service Difficulty Report - 4. Problem Description. Complete engine failure due to mag points attach coming loose. Submitter recommends better means of attaching point to magneto"

<u>3) January 19, 1996</u> - (Doc. 229-4, p. 9-11) (Piper aircraft, Lycoming engine)

> "Service Difficulty Report - 4. Problem Description. Both mounting flanges of the single drive dual magneto were broken. Magneto backed out of engine gear drive causing engine to stop. Aircraft landed in ocean."

<u>4) 1998</u> -

> "Senior Project Manager, Tim Davis, testified that he has been involved in all litigation involving TCM magneto failures since 1998."

---

[2] These statements are taken from Plaintiffs' Exhibit 048, presented at the hearing and from review of the document as indicated by docket number and page. The Court has only addressed the designations that require a determination of substantial similarity.

3

5) July 14, 1999 -

"Service Difficulty Report - Dual magneto with common drive failed both right and left magnetos resulting in power loss."

6) April 3, 2001 -

"Service Difficulty Report - Right engine failed during cruise flight. Magneto housing flanges broke and magneto fell out of accessory mount. Engine factory overhaul with this new magneto 3/27/00".

7 & 8) September 25, 2001 -

"Incident involving a Piper PA-32RT-300T aircraft with a Lycoming TIO-540-S1AD engine experienced a loss of engine power immediately after takeoff. The NTSB concluded that a magneto had separated from the engine during flight and noted 'fatigue beach marks' were found on the mounting flanges."

"Service Difficulty Report - Aircraft on climb out from airport, lost engine power and crashed. Investigation concluded magneto failed due to fatigue crack in housing causing magneto to separate from engine."

9) July 6, 2004 -

"Service Difficulty Report - Pilot reported oil under cowling after weekend overnight. Investigated oil leak and found magneto flange cracked. Magneto was properly torque, suspect magneto housing fatigued."

10) October 2004 -

"Investigative reports from Ken Smith advising TCM of the potential for progressive fatigue fractures of the magneto flange".

11) December 24, 2004 -

"Service Difficulty Report - When performing visual inspection of engine compartment excessive oil was found. Found dual magneto mounting flange cracked. Removed magneto, cracked magneto flange piece fell off magneto housing".

12) March 20, 2005 -

"Warranty Claim - Flange cracked during flight."

13) March 21, 2005 -

"Service Difficulty Report - Aircraft arrived at hanger with rough running engine. Found dual magneto dead and on side. Removed magneto from engine. Found teeth missing on magneto center. Was told by owner that magneto was not that old."

14) July 15, 2005 -

   "Warranty Claim - Flange magneto broke off in flight"

15) September 9, 2005 -

   "Warranty Claim - Looking for oil leak, found magneto housing cracked."

16) January 1, 2006 -

   "Service Difficulty Report - After emergency landing, maintenance inspected engine and found dual magneto had broken off the engine accessory case. After a record search of the aircraft it was found to have two other magnetos installed in the past two years."

17) February 21, 2006 -

   "Service Difficulty Report - Mounting flange on magneto broke, causing magneto to back of the accessory housing, subsequently causing loss of engine power and forced landing."

18) March 1, 2006 -

   "After takeoff, while climbing, airplane lost engine power. Post crash examination revealed the dual magneto had detached from its mounted position."

19) April 24, 2006 -

   "Aircraft crash involving a Mooney M20J aircraft with a Lycoming IO-360-3B6D engine experienced a loss of engine power shortly after takeoff. The NTSB concluded that the magneto detached from its mounted position in mid-flight due to magneto flange cracks."

20) May 10, 2006 -

   "Warranty Claim - Oil leak from magneto flange found broken flange."

21) May 11, 2006 -

   "Warranty Claim - Minor crack on housing."

22) July 6, 2006 -

   "Service Difficulty Report - Pilot reported high CHT and EGT NR 2 cylinder during climb on first takeoff. Found body of magneto separated from its mount flange allowing magneto to become loose and advance. This is considered to be a manufacturing defect."

23) July 18, 2006 -

"Warranty Claim - Flange cracked. Low hours on magneto."

24) July 23, 2008 -

"Service Difficulty Report - Pilot reported oil leaking from engine cowling after last flight of the day. Maintenance troubleshoot problem to be coming from dual magneto. The bottom mounting flange had broken off of the magneto causing oil leak."

25) December 15, 2008 -

"Service Difficulty Report - Started aft normally, taxied from hanger to fuel pump and shutdown. Fueled aft. Attempted to start aft after fueling. The engine turned over normally but did not fire. Troubleshooting revealed no spark output from magneto. sent magneto out for repair magneto shop determined the magneto had slipped on the shaft. A new magneto was installed in aft engine. magneto was installed at engine overhaul as an overhauled exchange unit. A failure so soon after overhaul suggest a defect in the parts or a failure in the overhaul process." (*sic*).

26) April 2010 -

"Tim Davis knows of more than ten other cases where flanges on TCM single shaft dual magnetos has cracked causing the separation of the magneto from the engine." (*sic*).

**Service Disability Reports**

The Court finds that the Service Disability Reports (SDR's) are inadmissible because even if substantially similar, which many are not, the form of the evidence is hearsay and the plaintiff has failed to show an applicable exception. Specifically, the SDRs do not, as argued by plaintiffs, fall under the exception to the hearsay rule for government records. The Rule provides as follows:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8). Plaintiffs have provided no evidence that the information was observed

pursuant to a duty imposed by law and was based on a duty to report. Rather, the SDR's are made by unknown persons and are forms voluntarily submitted to the FAA by presumably persons who have observed or learned of a maintenance issue which might be of interest to the FAA. However, even if the SDRs were not submitted for the truth therein but rather to show notice, the court would not find them reliable based on the lack of submitter identification. *See Desrosiers v. Flight Intern. of Florida Inc.*, 156 F.3d 952, 961-962 (9th Cir. 1998) (discussing a Judge Advocate General (JAG) report and stating that "one of the main 'safeguards' of Rule 803(8)(C) is 'the trustworthiness provision [that] requires the [district] court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted.'") (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169, 109 S.Ct. 439 (1988)). Moreover, there is no evidence that TCM was aware of the SDRs. Accordingly, TCM's motion to exclude the SDRs is GRANTED at this time.

**Warranty Claims**

The Court finds that the Warranty Claims which were all made before the crash in November 2006 but after the sale of the magneto, are substantially similar to the accident underlying this action. However, although the documents are business records, they contain hearsay. *Galloway v. Big G Express, Inc.*, 2008 WL 2704443 (E.D. Tenn. July 3, 2008) ("Even though the warranty claim records themselves may satisfy the business records exception, the underlying statements made by customers would still need an independent basis for admissibility.") Therefore the claims are not admissible to the extent they are offered to establish a defective condition. However, the evidence is admissible to establish knowledge to prove plaintiffs' claim of negligent failure to warn because as such it is not offered for the truth of the matter asserted. *Id*., at *2 ("[H]earsay concerns do not serve as a basis of precluding the [warranty claims] to the extent such evidence is offered to establish notice or Defendant's knowledge.") Accordingly, TCM's

7

motion to exclude is DENIED at this time as to the Warranty Claims.

**September 25, 2001, March 1, 2006 and April 24, 2006**

The court finds that the September 25, 2001, March 1, 2006 and April 24, 2006 incidents are substantially similar. Assuming that the form of the evidence is the NTSB report, the court finds the evidence may be admissible to prove notice to TCM. Accordingly, TCM's motion to exclude evidence of the September 25, 2001, March 1, 2006 and April 24, 2006 incidents on the basis that the incidents are not substantially similar is DENIED at this time.

DONE and ORDERED this the 6th day of July, 2011.

                                      **s / Kristi K. DuBose**
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**