# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY DALE CROUCH, ) | |
| RHONDA MAE CROUCH, ) | |
| TEDDY LEE HUDSON, and ) | |
| CAROLYN SUE HUDSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-00072-KD-N |
| ) | |
| TELEDYNE CONTINENTAL ) | |
| MOTORS, INC., ) | |
| ) | |
| Defendant. ) | |
| | |
| BRIDGEFIELD CASUALTY ) | |
| INSURANCE CO., ) | |
| ) | |
| Intervenor Plaintiff. ) | |

## ORDER

This action came before the Court for jury selection on June 28, 2011, and trial by jury beginning July 18, 2011 and ending August 5, 2011, with United States District Judge Kristi K. DuBose presiding.

On July 18, 2011, the jury was duly sworn and trial commenced. Plaintiffs Larry Dale Crouch, Rhonda Mae Crouch, Teddy Lee Hudson, and Carolyn Sue Hudson presented their case-in-chief and rested on August 1, 2011. Defendant Teledyne Continental Motors, Inc. (TCM) moved for judgment as a matter of law at the close of Plaintiff's evidence and the motion was taken under submission (docs. 378, 379).

On August 1, 2011, TCM began presentation of its case-in-chief. On the morning of August 4, 2011, the Court addressed TCM's motion for judgment as a matter of law at the close

of Plaintiffs' evidence.[1]

TCM concluded its case-in-chief and rested on August 4, 2011. TCM moved for judgment as a matter of law at the close of all evidence and the motion was taken under submission (doc. 382). The Court then held a charge conference with counsel. On the afternoon of August 4, 2011, the parties gave their closing arguments and the court recessed.

On the morning of August 5, 2011, the Court reconvened the charge conference. The Court then charged the jury on the applicable law and the jury commenced their deliberations. On August 5, 2011, the jury having heard the evidence, the arguments of counsel, the charge of the Court and having considered the same upon their oaths, the jury deliberated and returned the following verdict (a copy of which is attached hereto):

> Strict liability: Are you satisfied by a preponderance of the evidence that when TCM sold the magneto it was defective and unreasonably dangerous and that the magneto was a substantial factor in causing the accident?
>
> No.
>
> Negligence: Are you satisfied by a preponderance of the evidence that after the magneto was sold that TCM negligently failed to warn that the magneto was unreasonably dangerous and that such was a substantial factor in causing the crash?
>
> No.
>
> Breach of warranty: Are you satisfied by a preponderance of the evidence that the magneto was unfit for its intended purpose and that this defect was a substantial factor in causing the crash?
>
> No.

---

[1] On the morning of August 4, 2011, as set forth on the record, the Court granted in part TCM's motion for judgment as a matter of law at the close of Plaintiffs' evidence as to any claims or issues based upon the status of John Jewell Aircraft, Inc., or John Jewell as an agent for TCM. The motion was denied as to all remaining claims or issues addressed therein.

By separate document, the Court will enter judgment in accordance with the verdict of the jury.

**DONE** and **ORDERED** this the 9th day of August, 2011.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**